UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TERESA MEANS-FERGUSON,

          Plaintiff,

   v.

SACRAMENTO METROPOLITAN FIRE DISTRICT, et al.,

          Defendants.

NO. CIV. 07-1437 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Sacramento Metropolitan Fire District, Sacramento Metropolitan Fire District Board of Trustees, Don Mette, and Richard P. Margarita's (collectively "defendants") motion to remand this action to state court.[1]  Defendants move pursuant to 28 U.S.C. § 1447.  Plaintiff Teresa Means-Ferguson ("plaintiff") does not oppose the motion.

///
///
///

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

(Stmt. of Non-Opp'n, filed Oct. 15, 2007.)[2]

On June 20, 2007, plaintiff filed the original complaint in Sacramento County Superior Court. The initial complaint alleged seven causes of action, including one cause of action under 42 U.S.C. § 1983. Defendants filed a notice of removal to this court on July 19, 2007. Defendants removed the action on the basis of federal question jurisdiction pursuant to plaintiff's Section 1983 claim. Subsequently, in response to defendants' motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), plaintiff filed a statement of intent to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). (Minute Order, filed Aug. 27, 2007.) On September 5, 2007, plaintiff filed her first amended complaint, but the amended complaint did not allege the Section 1983 claim.

28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Jurisdictional challenges may be raised at any time. <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002).

Defendants move to remand, arguing plaintiff's first amended complaint fails to state a federal question. (Defs.' Mot. Remand at 3, filed Sept. 25, 2007.) Defendants are correct. Plaintiff's first amended complaint does not allege any cause of action establishing subject matter jurisdiction in federal court. The first amended complaint alleges state law claims of wrongful

---

[2] Co-defendant Patrick Monahan, who is represented by separate counsel from the moving defendants, also filed a statement of non-opposition to the motion. (Stmt of Non-Opp'n, filed Oct. 16, 2007.)

1 | termination, invasion of privacy, defamation, discrimination
2 | under California's Fair Employment and Housing Act, and
3 | intentional and negligent infliction of emotional distress.
4 | (FAC, filed Sept. 5, 2007.)  While plaintiff's first cause of
5 | action for wrongful termination makes some cursory reference to
6 | Section 1983 and the Federal Constitution, the gravamen of the
7 | claim consists of counts that rely only on the California
8 | Constitution and thus do not present federal questions.  (FAC at
9 | ¶¶ 72-125.)  Plaintiff's remaining causes of action present
10 | solely state law issues.  Accordingly, because plaintiff's first
11 | amended complaint does not allege a federal question and
12 | diversity of citizenship does not exist (FAC at ¶¶ 2-7, 10-11),
13 | defendants' motion to remand pursuant to 42 U.S.C. § 1447 is
14 | GRANTED.
15 |     IT IS SO ORDERED.
16 | DATED: October 22, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE